IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| KARLISS LYTTLE, #05838-025, | ) | |
|---|---|---|
| Petitioner, | ) | |
| vs. | ) | CIVIL NO. 10-574-GPM |
| SIX UNKNOWN AGENTS, et al., | ) | *Consolidated with* |
| | ) | CIVIL NO. 10-683-GPM |
| Respondents. | ) | CIVIL NO. 10-867-GPM |
| | ) | CIVIL NO. 10-975-GPM |

## MEMORANDUM AND ORDER

**MURPHY, District Judge:**

This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides, in pertinent part:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
> > (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> > (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A. An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Upon review of the document filed as a petition in this case, the Court finds that Petitioner has not provided enough information for the

Court to conduct an adequate review of his claims.

Petitioner filed his first petition with this Court on August 2, 2010, and he filed the same document as a separate action three more times, on September 2, November 1, and December 2, 2010.[1] This document lists "Six Unknown Names Agents or Mr. President Barack Obama" as respondents [sic]. The remainder of the document is an unintelligible list of legal terms and phrases, followed by 38 pages of unrelated names and numbers.

Throughout the incoherent lists of legal terms and names provided, Petitioner fails to allege any facts or state any claims related to the named respondents. The reason that plaintiffs and petitioners, even those proceeding *pro se*, for whom the Court is required to liberally construe their complaints, *see Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), are required to associate specific defendants with specific claims is to put these defendants on notice of the claims brought against them so they can properly answer the complaint. *See Hoskins v. Poelstra*, 320 F.3d 761, 764 (7th Cir. 2003) (a "short and plain" statement of the claim suffices under Federal Rule of Civil Procedure 8 if it notifies the defendant of the principal events upon which the claims are based); *Brokaw v. Mercer County*, 235 F.3d 1000, 1024 (7th Cir. 2000) ("notice pleading requires the plaintiff to allege just enough to put the defendant on notice of facts providing a right to recovery").

According to the United States Supreme Court, the threshold pleading requirement of Federal Rule of Civil Procedure 8 requires that a complaint allege "enough facts to state a claim to relief that is *plausible* on its face" in order to survive a Rule 12(b)(6) motion to dismiss for failure to state a

---

[1] In an order entered on December 15, 2010, Chief Judge Herndon consolidated this action with the other three cases, 10-683-MJR, 10-867-GPM, and 10-975-GPM (*see* Doc. 3). The consolidated action was re-assigned to the undersigned by Administrative Order 132 entered on January 3, 2011 (*see* Doc. 4).

claim for which relief can be granted. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (1955) (clarifying that a "heightened fact pleading of specifics" is not required)(emphasis added). In other words, the Supreme Court explained it was "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief'" by providing "more than labels and conclusions," because "a formulaic recitation of the elements of a cause of action will not do . . . ." *Id*. at 555 (alteration in original)(quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). A petitioner must plead factual allegations which show the right to relief exists beyond mere speculation by "rais[ing] a *reasonable expectation* that discovery will reveal evidence" to substantiate his claims. *Id*.

The Seventh Circuit has interpreted *Bell* as imposing a two-tiered requirement for a complaint to survive a Rule 12(b)(6) motion: (1) it "must describe the claim in sufficient detail to give the defendant 'fair notice of what the . . . claim is and the grounds upon which it rests," and (2) the "allegations must plausibly suggest that the plaintiff has a right to relief, raising the possibility above a 'speculative level.'" *E.E.O.C. v. Concentra Health Serv., Inc.*, 496 F.3d 773, 776 (7th Cir. 2007)(citing *Bell*, 550 U.S. at 573). Furthermore, merely invoking the name of a potential defendant is not sufficient to state a claim against that individual. *See Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998) ("A plaintiff cannot state a claim against a defendant by including the defendant's name in the caption.").

Petitioner has not pleaded any facts, but instead has provided lists of names, numbers, and legal conclusions. None of the information provided is linked in any way to the respondents named in the complaint. Neither is it clear whether Petitioner wishes the Court to construe his complaint as a civil action under 42 U.S.C. §1983, a motion under 28 U.S.C. §2255, or something else.

Finally, the Court also notes that Petitioner has filed all the complaints mentioned above

from the Big Spring Federal Correctional Institution located in Big Spring, Texas. There is nothing in the pleadings before the court to demonstrate how Petitioner's claims belong in the Southern District of Illinois.

As stated above, the petition before the Court contains no specific allegations against any particular individual or entity. Consequently, the complaint fails to state any claim upon which relief may be granted.

**Disposition:**

**IT IS HEREBY ORDERED** that Petitioner has failed to state a claim, and the complaint is **DISMISSED** without prejudice pursuant to 28 U.S.C. § 1915A(b). This dismissal shall count as a strike, as Plaintiff has failed to state a claim. *See, e.g., Rivera v. Allin*, 144 F.3d 719, 731 (11th Cir.) (history omitted); *Patton v. Jefferson Correctional Ctr.*, 136 F.3d 458, 463-64 (5th Cir.1998); *Day v. Maynard*, 200 F.3d 665, 667 (10th Cir. 1999) (a dismissal without prejudice counts as a strike, so long as the dismissal is made because the action is frivolous, malicious, or fails to state a claim).

**IT IS SO ORDERED.**

**DATED:** 2/24/2011

s/ *G. Patrick Murphy*
G. PATRICK MURPHY
United States District Judge